**James BEEBE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–87–141–CR.**

Court of Appeals of Texas, Corpus Christi.

June 23, 1988.

Rehearing Denied Aug. 31, 1988.

Hugh Plummer, Houston, for appellant.

George J. Filley, III, Dist. Atty., Victoria, for appellee.

Before NYE, C.J., and BENAVIDES, and DORSEY, JJ.

## OPINION

BENAVIDES, Justice.

Appellant, James Beebe, was convicted of terroristic threat. The jury assessed his punishment at 180 days confinement, probated, with a $1,000.00 fine. Appellant brings this appeal asserting five points of error for review. We reverse the judgment of the trial court and remand for a new trial.

Appellant was charged by an information under Tex.Penal Code Ann. § 22.07(a)(2) (Vernon Supp.1988). This section provides that:

(a) A person commits an offense if he threatens to commit any offense involving violence to any person or property with intent to:

\*  \*  \*  \*  \*  \*

(2) place any person in fear of imminent serious bodily injury....

In the instant case, the information tracked the wording of the statute by alleging the defendant:

Did then and there threaten to commit an offense involving violence, to wit: an assault upon Clifford McCorkle with the intent then and there to place Clifford McCorkle in fear of imminent serious bodily injury ...

On March 2, 1987, eight days before the day set for trial, appellant filed a Motion to Quash on the basis that the information failed to state the manner and means used to commit the offense. The State moved to amend the information. The court overruled appellant's motion to quash, and, without objection from appellant, allowed amendment of the information. The information was amended to include that the defendant threatened to commit "an assault upon CLIFFORD MCCORKLE by threatening to shoot him with a handgun."

By his first two points of error, appellant contends the trial court committed error in denying his motion to quash the information, and in allowing the State to amend the information.

The appellant argues that the information was fatally defective since it failed to state the manner and means used to commit the underlying assault and, therefore, deprived him of proper notice.

Tex.Code Crim.Proc.Ann. art. 28.10 (Vernon Pamph.1988) provides the following:

(a) *After notice to the defendant, a matter of form or substance in an indictment or information may be amended at any time before the date the trial on the merits commences. On the request of the defendant, the court shall allow the defendant not less than 10 days, or a shorter period if requested by the defendant, to respond to the amended indictment or information.*

(b) A matter of form or substance in an indictment or information may also be amended after the trial on the merits commences if the defendant does not object.

(c) *An indictment or information may not be amended over the defendant's objection as to form or substance if the amended indictment or information charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced.* (Emphasis added).

The State contends that the appellant presents nothing for review since he obtained all the relief that he requested. We agree.

■ The record reflects that the court asked the appellant to look at the amendment to see if he had any objections. Defense counsel responded, "Well I don't want to waive any, but I think no." Defense counsel then agreed that the amendment cured his objection to the information.

Since the appellant does not challenge the sufficiency of the indictment as amended and he did not object at the time the amendment was allowed, the amendment cured appellant's objection raised in the motion to quash. *Neloms v. State*, 740

S.W.2d 104, 107 (Tex.App.—Amarillo 1987, no pet.). Appellant, therefore, obtained all the relief he requested, and thus no error is preserved. *De Russe v. State*, 579 S.W.2d 224, 233 (Tex.Crim.App.1979); *Neloms*, 740 S.W.2d at 107. Appellant's first and second points of error are overruled.

■ By his third point of error, appellant contends that the trial court erred in denying him additional time to prepare for trial following the amendment of the information. The record reflects that the appellant requested additional time due to the amendment, but that such request was denied by the trial court.

As stated earlier, Tex.Code Crim.Proc. Ann. art. 28.10(a) (Vernon Pamph.1988) provides that "On request of the defendant the court *shall* allow the defendant *not less than 10 days* or a shorter period if requested by the defendant, to respond to the amended indictment or information." (Emphasis added).

The State, in its brief, argues that any error in denying the continuance is harmless, or in the alternative was waived when appellant announced ready for trial. Neither party cites any authority interpreting this provision of article 28.10, nor were we able to locate any. However, similar "ten day" statutes have been interpreted. *See Peters v. State*, 575 S.W.2d 560, 561 (Tex. Crim.App.1979) (Court of Criminal Appeals interpreted article 26.04 which entitled appointed counsel to ten days to prepare for trial); *Johnson v. State*, 567 S.W.2d 214, 216 (Tex.Crim.App.1978) (Court of Criminal Appeals interpreted article 27.12 allowing a defendant ten days to file written pleadings after service of indictment).

The Court of Criminal Appeals has held that when there is a failure to comply with a mandatory provision of a statute, i.e., a ten day provision, reversal is ordinarily required without any determination of harm or prejudice. *Peters*, 575 S.W.2d at 561; *Johnson*, 567 S.W.2d at 216.

The provision under article 28.10 is mandatory by its terms. It states that upon request the court *shall* grant *not less* than ten days. Therefore, when a defendant has properly requested the additional time given him by article 28.10 and such request is refused, reversible error is committed without a determination of harm or prejudice.

■ Furthermore, the appellant did not agree or request a shorter period of time than the ten days required by statute. Appellant requested additional time due to the amendment, and was denied the time required by law. Appellant's announcement of ready at trial did not waive error. We sustain appellant's third point of error.

■ By his fourth point of error, appellant complains of error in the jury charge. Initially appellant contends that reckless conduct is a lesser included offense of terroristic threat and should have been included in the charge. Likewise, appellant contends the definition of the culpable mental state of "reckless" should have been submitted to the jury. We disagree.

Tex.Penal Code Ann. § 22.05 (Vernon 1976) defines the offense of reckless conduct as follows:

(a) a person commits an offense if he recklessly engages in conduct that places another in imminent danger of serious bodily injury....

Terroristic threat, as charged in the instant case, requires a threat to commit an offense including violence with intent to *place another in fear;* whereas, reckless conduct requires engaging in conduct that *places another in imminent danger.* Furthermore, both terroristic threat and reckless conduct are Class B misdemeanors. It is patently clear that terroristic threat, as charged in the instant case, and reckless conduct are separate offenses of the same grade. Therefore, reckless conduct is not a lesser included offense of a terroristic threat as alleged under 22.-07(a)(2).

■ The appellant further contends the court committed error in refusing to submit a requested definition of reckless in the charge. It is not proper to charge upon allegations not included in the indictment, nor relied upon for the conviction. *Dowden v. State*, 537 S.W.2d 5, 7 (Tex.Crim.

App.1976); *Ramirez v. State*, 658 S.W.2d 808, 811 (Tex.App.—Corpus Christi, 1983), *aff'd*, 672 S.W.2d 480 (Tex.Crim.App.1984).

In the instant case, recklessness was not an element of the offense and was not relied upon for the conviction; therefore, the court properly denied appellant's request. Appellant's fourth point of error is overruled.

We have considered appellant's fifth point of error, find it without merit, and overrule it as well.

Given our disposition of appellant's third point of error, the judgment of the trial court is reversed and remanded for a new trial.