**Kunlay SODIPO, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–88–140–CR.**

Court of Appeals of Texas,
Eastland.

Nov. 3, 1988.

Catherine Greene Burnett, Houston, for appellant.

John B. Holmes, Dist. Atty., Houston for appellee.

## OPINION

DICKENSON, Justice.

The jury convicted Kunlay Sodipo of credit card abuse,[1] and after he entered a plea of "true" to the enhancement allegation,[2] the jury assessed his punishment at confinement for 15 years. We affirm the conviction.[3]

There is no challenge to the sufficiency of the evidence as to appellant's guilt. Appellant presents two points of error. First,

---

1. The offense of credit card abuse is defined and declared to be a felony of the third degree by TEX.PENAL CODE ANN. sec. 32.31 (Vernon 1974).

2. TEX.PENAL CODE ANN. sec. 12.42(a) (Vernon 1974) enhances the punishment for habitual offenders. The State alleged one prior felony conviction. Appellant entered a plea of "true" to the allegation.

3. This appeal was transferred from the 14th Houston Court of Appeals to this Court. See TEX.GOV'T CODE ANN. sec. 73.001 (Vernon 1988).

he argues that the trial court erred in over-ruling his request for ten days to prepare for trial as allowed by TEX.CODE CRIM. PRO.ANN. art. 28.10(a) (Vernon Pamph. Supp.1988),[4] after the court permitted an amendment to the enhancement allegation of the indictment.

On April 27, 1988, immediately prior to selection of the jury and trial on the merits, the State moved to amend the indictment in Cause No. 495025, (the instant cause) to have the cause number in the enhancement paragraph changed from 427424 to 427427 to correct a clerical mistake.

Appellant was originally indicted for this offense in December 1987, in Cause No. 490564. The enhancement paragraph in that indictment refers to a prior conviction in the 248th District Court of Harris County in Cause No. "427427." (Emphasis added) In February 1988, appellant was rein-dicted for the same alleged offense to cor-rect the name of the complaining witness. In this second indictment the cause number in the enhancement paragraph was incor-rectly numbered "427424" (emphasis add-ed) due to a typographical error. It was this cause number the State sought to cor-rect by amending the indictment.

Appellant objected to the State's motion to amend the indictment and requested ten additional days to prepare for trial if the amendment was granted. The trial court granted the State's motion and allowed the indictment to be amended because the court found the amendment would not change the substance of the indictment. Appellant's request for ten additional days to prepare for trial was denied, and voir dire of the jury and trial on the merits commenced.

■ The only purpose of an enhance-ment paragraph in an indictment is to pro-vide notice to the accused of the prior con-viction relied upon by the State to enhance the accused's punishment. *Coleman v. State*, 577 S.W.2d 486 at 488 (Tex.Cr.App.

1979). The enhancement paragraph need not have the specificity required of the paragraph charging the offense. *Cooper v. State*, 500 S.W.2d 837 at 841 (Tex.Cr. App.1973). In alleging a prior conviction for enhancement of punishment, the allega-tions should include the name of the court in which the conviction was obtained, the date of the conviction and the nature of the offense. *Cole v. State*, 611 S.W.2d 79 at 80 (Tex.Cr.App.1981). Both the original en-hancement paragraph and the amended en-hancement paragraph set forth the proper date of conviction, the name of the trial court, and the nature of the offense.

■ Appellant relies on *Beebe v. State*, 756 S.W.2d 759 (Tex.App.—Corpus Christi 1988, pet'n filed), where the court held that reversible error is committed without any showing of harm or prejudice when a de-fendant has properly requested the addi-tional time given him by TEX.CODE CRIM. PRO.ANN. art. 28.10 (Vernon Pamph Supp. 1988) and such request is refused. We respectfully disagree with that holding.

■ Even if the trial court erred in not allowing appellant ten additional days to prepare for trial, we overrule this point of error because any error was clearly harm-less under TEX.R.APP.P. 81(b)(2). See and compare *Jones v. State*, 755 S.W.2d 545 (Tex.App.—Houston [1st Dist.] 1988, pet'n filed), which reached the same conclusion on a similar situation.

Appellant's attorney testified under oath that he had seen the original indictment and the enhancement paragraph which was correctly numbered 427427 therein and, in looking at the second indictment (the rein-dictment), that he was aware that there was a change in the number on the en-hancement paragraph, but that "as far as [he] knew, it was the same enhancement." Appellant has never alleged, either at trial or on appeal, that he was in any way harmed by the trial court's failure to give him ten additional days to prepare for trial.

---

4. Article 28.10(a) provides:
  After notice to the defendant, a matter of form or substance in an indictment or infor-mation may be amended at any time before the date the trial on the merits commences.

On the request of the defendant, the court *shall* allow the defendant not less than 10 days, or a shorter period if requested by the defendant, to respond to the amended indict-ment or information. (Emphasis added)

**50**

It is clear that appellant and his attorney had sufficient notice of the conviction which the State was relying on for enhancement purposes and that the correction of the clerical error made no contribution to the conviction or to the punishment of appellant. Appellant's first point of error is overruled.

In his second point of error, the appellant contends "reversible error occurred when the prosecutor argued to the jury at guilt-innocence stage, that it should consider the 'tone' and 'demeanor' of trial counsel in reaching a verdict." This portion of the State's closing argument on the guilt or innocence phase of trial reads as shown:

PROSECUTOR: May it please the Court, Mr. Coleman, Mr. Peacock, Mr. Coker, Ms. Davis, Officer Morrow and Sergeant Gambrell, and ladies and gentlemen of the jury, I think if you listen to the tone of voice of the arguments that you have just heard and you are about to hear and you go back there into the Deliberation Room, regardless of what was said, just by listening to the tone of the voices and the conviction which you hear in those voices, I think you can go back there and make up your minds just by observing the demeanor of the lawyers who are arguing this case, who are trying to make a point to you.

DEFENSE ATTORNEY: Your Honor, I am going to object to that. What the attorneys say in this case is not evidence at all, and we would object to Ms. Crawford suggesting that the jury should consider what the tones say or do in this case.

THE COURT: I sustain the objection.

PROSECUTOR: I am not saying that you all have to listen to what we say and take it with a grain of salt and just run with it. What I'm saying is you heard the evidence, you observed what happened here in the courtroom, and you can see what's going on right now, and what I am talking about is when you get back there into the Jury Deliberation Room and read the charge and think over the evidence and realize what the witnesses of the State presented and had to say and how they said it, you will realize there should be no doubt in this case but that the Defendant is guilty.

 The trial court sustained appellant's objection, giving all of the relief which appellant requested. In order to preserve error for appellate review, appellant's counsel must also request an instruction to disregard and move for mistrial if the jury is instructed to disregard the objectionable comment. *Brooks v. State*, 642 S.W.2d 791 at 798 (Tex.Cr.App.1982); *Koller v. State*, 518 S.W.2d 373 at 375 (Tex.Cr.App.1975). Although the prosecutor's jury argument as to "tone of voice" and "demeanor of the lawyers" was not proper, we find that an instruction by the trial judge would have been sufficient to cure any error. Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.