Jose Estrada **MEDRANO**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 08–88–00013–CR.

Court of Appeals of Texas,
El Paso.

April 12, 1989.

Rehearing Denied May 10, 1989.

David C. Guaderrama, El Paso County Public Defender, Bruce W. Weathers, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. of El Paso County, El Paso, for appellee.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

## OPINION

FULLER, Justice.

This is an appeal from an enhanced conviction for murder. The jury assessed punishment at ninety-nine years' imprisonment and a fine of $10,000.00. We affirm.

In his first point of error, Appellant contends that he was deprived of a statutory right to ten days' preparation time to respond to an amendment of the indictment ordered by the trial court. Tex.Code Crim. Pro.Ann. art. 28.10 (Vernon Pamphlet Supp.1989). Appellant was initially indicted for murder. On December 1, 1987, that indictment was supplanted by one which merely added an enhancement count for a prior felony conviction. There was no change in the substantive allegation of the murder charge. At that time, Appellant was granted a continuance until December 14 to prepare for trial under the enhanced indictment. On December 3, Appellant was arraigned on the new indictment. At the arraignment, the court expressed concern over the absence of a trial court number allegation in the enhancement count. The parties appeared in court on December 15. A defense motion for continuance based upon illness was denied. (See Point of Error No. Five below). Thereafter, the parties announced ready, the jury was selected and sworn. On December 16, 1987, the Appellant was rearraigned. The State then sought leave to file a copy of the court's prior order amending the enhancement count to include the number of the trial court in which the prior conviction allegedly occurred. Defense counsel stated that he was mailed a copy of the order on December 10 and requested ten days' time to respond prior to any further proceedings. The trial court order and accompanying motion by the State reflects that the order was signed and filed on December 3, 1987. The motion reflects hand delivery to defense counsel on that date. On the record, the trial judge stated that on the date of filing, December 3, he personally contacted counsel to inquire if any hearing was necessary on the amendment. When counsel replied in the negative, the trial judge signed the amending order. The record reflects that this was twelve days in advance of voir dire. As a factual matter, the record fails to reflect less than the ten days' notice.

Even if that were not the case, Appellant's reliance on *Beebe v. State,* 756 S.W. 2d 759 (Tex.App.—Corpus Christi 1988, pet. filed) is misplaced for two reasons. *Beebe* involved an amendment to the substantive allegations as to the offense on trial, not an additional notice averment to an enhancement paragraph. *See Sodipo v. State,* 760 S.W.2d 48 (Tex.App.—Eastland 1988). Secondly, the precise nature of Appellant's trial objection was that the amendment was only effective on that date, December 16, with the State's tender for filing. If so, the matter is governed by Subsection (b) of Article 28.10, not Subsection (a) upon which *Beebe* turned. Trial commenced on December 15 with jury selection. Subsection (b), governing amendment during trial, does not provide for a mandatory delay or continuance. Had the legislature so intended they could have expressly provided such right as they did in Subsection (a). In lieu thereof, Subsection (b) prohibits mid-trial amendment without consent of the defendant. This is clearly intended to prevent surprise, afford fair notice, allow ready amendment where there is no real dispute or surprise and enhance case flow. The defendant's protection under that circumstance is the simple ability to withhold consent. There was no objection to the amendment in this case.

Point of Error No. One is overruled.

In Points of Error Nos. Two and Three, Appellant contends that it was error to permit the State to utilize the testimony of Christina Cadena, his alleged spouse, the admissibility of her testimony being governed by former Tex.Code Crim.Pro.Ann. art. 38.11 (Vernon 1979) and not Tex.R. Crim.Evid. 504. Following Appellant's previous conviction for this offense, this Court reversed and remanded due to the State's failure to prove that the marriage to Christina Cadena was void, thereby avoiding the prohibition of former Article 38.11 *Medrano v. State,* 701 S.W.2d 337 (Tex. App.—El Paso 1985, PDRR).

At the time of retrial, Rule 504 had become effective. Appellant contends that the state and federal prohibitions of ex post facto laws dictate that his retrial be subject to the provisions of Article 38.11 and not Rule 504. Procedural statutes control litigation from their effective date. *Wade v. State,* 572 S.W.2d 533 (Tex.Crim.App.1978). The evidentiary changes referred to in *Calder v. Bull,* 3 U.S. (3 Dall.) 386, 1 L.Ed. 648 (1798) and *Ex parte Abahosh,* 561 S.W. 2d 202 (Tex.Crim.App.1978), deal with changes in the nature of the evidence necessary for conviction. That does not include procedural changes in rules of admissibility of evidence. *Tumlinson v. State,* 757 S.W.2d 440 (Tex.App.—Dallas 1988).

Appellant relies upon *Willard v. State,* 719 S.W.2d 595 (Tex.Crim.App.1986), which dealt specifically with former Article 38.11 and present Rule 504. There, Article 38.11 was in effect at the time of the offense and trial. Rule 504 became effective during the pendency of the appeal. The record there, as here, reflected voluntary testimony by the alleged spouse. The Court of Criminal Appeals reversed and remanded under Article 38.11, but expressly noted that Rule 504 would be applicable upon retrial. *Id.* at 601.

Points of Error Nos. Two and Three are overruled.

In Point of Error No. Four, Appellant contends that the court erred in submitting a special issue inquiry as to use of a deadly weapon, since notice of intent to seek such finding was never given by the State. *Ex*

*parte Patterson,* 740 S.W.2d 766 (Tex. Crim.App.1987).

The record reflects that on November 30, 1987, the State presented a notice of intent to seek such affirmative finding in open court. The Appellant personally acknowledged receipt of such notice. We do not find that *Ex parte Patterson* requires renotification upon a reindictment which does not change the substantive allegations of the offense for which the defendant is on trial. Where, as here, there is a reindictment and/or amendment of other aspects of the State's pleading, the aforementioned notice carries forward.

In any event, in this case, the Appellant himself filed a written motion to incorporate all motions, writs and orders from the prior indictment number to the trial indictment. The State filed a similar motion. The defense motion was orally granted, and the State's motion was granted by written order. Regardless of semantic arguments over whether such notice is subsumed under the categories of motions, writs, orders or rulings, the express intent was to carry forward all pretrial matters from the earlier cause number to the later one. We conclude that sufficient notice was given and received.

Point of Error No. Four is overruled.

In Point of Error No. Five, Appellant contends that the trial court abused its discretion in denying a continuance due to illness of counsel. Appellant's counsel, not trial counsel, has filed a brief asserting resulting ineffective assistance of counsel without identifying a single specific instance of lapse on trial counsel's part. The brief is inadequate to preserve error. We cannot presume counsel was so "distracted and severely hampered in his representation ... that he failed to adequately preserve error...." The preceding points have not been disposed of on such basis. A review of the record discloses more than adequate representation.

Trial counsel moved for continuance on the morning of trial, December 15, this case having been considerably delayed following remand due to change of counsel

and expressions of desire to proceed pro se on the eve of prior trial settings. Counsel stated that he was suffering from bronchitis and was under treatment by a physician. The court denied a continuance, but did state:

> I will allow you latitude in your addressing the jury panel this date, and we'll delay the commencement of the trial until such time as you return to work. I assume you're going to be off work until such time as you are released by the doctor.

To which counsel replied, "[t]hat would be fine." Thereafter, the court stated:

> Mr. Quijano, I will—if you wish to use a microphone, we'll set up a microphone that you can use during your examination so it's not necessary that you strain your voice. And at any time if you do need a break to rest your voice, if you'll let me know and we'll give you that opportunity.

Thereafter, counsel expressly declined to use the microphone and requested no breaks. His voir dire was as extensive as that of the State. In individual voir dire, he lodged three challenges for cause, all of which were granted. The record discloses no further hampering of the defense by the illness. Counsel vigorously cross-examined, lodged timely, meritorious objections and engaged in prolonged cogent argument outside the presence of the jury. No mention of illness, fatigue or voice impairment appears anywhere in the statement of facts, through final argument.

Point of Error No. Five is overruled.

The judgment is hereby affirmed.