Linam v. State 






NO. 10-89-289-CR

IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

          MARGARET LINAM,
                                                                                            Appellant
          v.

          THE STATE OF TEXAS,
                                                                                            Appellee

* * * * * * * * * * * * *

 From 54th Judicial District Court
McLennan County, Texas
Trial Court # 89-417-C

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
          In this case the Appellant, Margaret Linam, was found guilty by a jury of aggravated
sexual assault and was assessed punishment by the same jury to life in the Texas Department of
Corrections, now called the Texas Department of Criminal Justice, Institutional Division. 
Appellant comes to this court on three points of error. We sustain points of error one and two and
reverse Appellant's conviction and remand the cause to the trial court for retrial.
          Near midnight in November 1988, a female Baylor student was sexually assaulted as she
walked from her dormitory to a friend's house. She identified Appellant and Appellant's male
companion as her attackers, describing them as "street people." During the assault, the man
inserted his fingers inside her vagina while Appellant held her on the ground. 
          Appellant's first point of error asserts the trial court committed reversible error when it
granted the State's motion to amend the indictment on the same day as Appellant's trial, and in
overruling Appellant's motion requesting ten days to prepare for trial on the amended indictment. 
Appellant's second point of error contends that the trial court committed reversible error when it
allowed the State to delete substance from the indictment over Appellant's objection for the stated
reason that the amended indictment substantially prejudiced the rights of Appellant. We sustain
these two points of error and thereby reverse and remand the cause to the trial court for retrial.
          The indictment by which Appellant is charged, in its pertinent parts, originally read as
follows:
The Grand Jury . . . upon their oaths present in and to said court . . . that
Margaret Linam . . . on or about the 20th day of November, A.D. 1988, . . . did
then and there, intentionally and knowingly cause penetration of the female sexual
organ of Julie Thomas by the finger of the defendant Margaret Linam without the
consent of Julie Thomas . . . . "

          On November 27, 1989, the day Appellant's jury trial began, the State filed its "Motion
to Strike Surplusage from the Indictment," which asked the trial court to delete the words "of the
defendant Margaret Linam." In quoting the pertinent excerpts from the indictment hereinabove,
we italicized the words "of the defendant Margaret Linam," which were the words sought to be
deleted by the State. The Appellant's trial attorney objected to the above motion on the grounds
that the language sought to be deleted was not surplusage, but a matter of substance; that the
language constituted an amendment to the indictment; that the indictment as originally drawn
charged the Appellant as a primary actor whereas the deletion of the language would then cause
the indictment to treat the Appellant as a party rather than a primary actor. Appellant further
requested ten days to prepare for trial on the amended indictment as well as to have time for
Appellant to prepare a motion to quash the indictment. The State argued that the language deleted
from the indictment was mere surplusage and did not constitute an amendment to the indictment,
and that the indictment as amended was valid because it stated all the elements of the offense. 
After hearing argument the trial court granted the State's motion to delete the language from the
indictment, overruled the Appellant's motion for a ten-day delay in commencing trial and, in fact,
commenced the jury trial immediately after the above proceedings.
          The two questions that are presented to us are as follows:
(1) Whether the deletion of the language constituted an amendment to the
indictment as to form or substance, or whether the deleted language was merely
surplusage; and
(2) Whether the trial court erred in allowing the amendment on the day of
trial and in denying the Appellant's motion for ten days delay in which to file a
motion to quash and to get ready for trial on the new indictment.
We are of the opinion and hold that the deleted language constituted an amendment of substance,
and was not merely surplusage; and further that the trial court erred in denying Appellant the ten-day delay. 
          The amended indictment would have been vulnerable to a motion to quash on the ground
that it did not give Appellant adequate notice on which to prepare a defense. Following the
amendment, the State had the burden of proving that the complainant's vagina had been penetrated
"by the finger." Appellant would have been entitled to know the identity of the person whose
finger made the penetration because the State could not have discharged its burden of proof
without necessarily establishing that identity. See Janecka v. State 739 S.W.2d 813 820
(Tex.Cr.App. 1987). 
          Article 28.10 of the Texas Code of Criminal Procedure provides as follows:
          Art. 28.10. Amendment of Indictment or Information
 (a) After notice to the defendant, a matter of form or substance in an indictment
or information may be amended at any time before the date the trial on the merits
commences. On the request of the defendant, the court shall allow the defendant
not less than 10 days, or a shorter period if requested by the defendant, to respond
to the amended indictment or information.
 (b) A matter of form or substance in an indictment or information may also be
amended after the trial on the merits commences if the defendant does not object.
 (c) An indictment or information may not be amended over the defendant's
objection as to form or substance if the amended indictment or information charges
the defendant with an additional or different offense or if the substantial rights of
the defendant are prejudiced.

          Sodipo v. State, an opinion handed down by our Court of Criminal Appeals on September
12, 1990, by slip opinion No. 1390-88, controls the disposition of the case at bar. In Sodipo,
immediately prior to jury selection and trial on the merits, the State moved to amend the
indictment pursuant to Article 28.10(a), Code of Criminal Procedure, to have the cause number
in the enhancement paragraph changed from 427424 to 427427 in order to correct a clerical
mistake. Appellant objected to the amendment and requested an additional ten days to prepare for
trial pursuant to Article 28.10(a). In a pretrial hearing, defendant's counsel was called as a
witness by the State. The prosecutor questioned defense counsel on whether he was aware that
the difference between the first indictment and the re-indictment (the subject of the motion to
amend) was the cause number in the enhancement paragraph. Defense counsel testified that as far
as he knew "it was the same enhancement."
          The prosecutor then argued that the requested amendment was not a change in form or
substance. The defendant re-urged his objection to the amendment and his request for ten days'
time under Article 28.10(a). The trial court permitted the amendment, finding that there was no
change in substance, and answered defendant's objection by commencing the trial on the merits
that day. 
          Our Court of Criminal Appeals in deciding Sodipo had this to say:
In the instant case, the clear and unambiguous language of the statute
(Article 28.10(a)) directs the trial court to grant an additional ten days time
whenever an amendment to an indictment of `form or substance' takes place. 
Nothing in the rule or its legislative history lends itself to the State's interpretation
that some amendments are trivial while others are not. The rule is essentially
prophylactic in nature and does not allow the trial court any discretion when
properly invoked. Therefore, we construe Vernon's Ann. Code Crim. P. 28.10(a)
as being mandatory in nature. Accord Smith v. State, 789 S.W.2d 590
(Tex.Cr.App. 1990). We find that the Court of Appeals erred when it failed to
find that the trial court erred in denying appellant an additional ten days time."

The Court of Criminal Appeals went on to hold that this ten-day provision in Article 28.10(a) is
not subject to a harm analysis. Also see Beebe v. State (Corpus Christi CA 1988) 756 S.W.2d
759, 761, Petition for Discretionary Review granted.
          In the light of the foregoing authorities, we reverse the trial court's judgment and remand
the cause to the trial court for retrial.
                                                                                 JOHN A. JAMES, JR.
                                                                                 Justice (Retired)

Before Chief Justice Thomas, Justice
          Cummings and Justice James (Retired)
Reversed and Remanded
Opinion delivered and filed February 28, 1991
Do not publish