Lee-BK v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-211-CR

     BYRON KEITH LEE,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 339th District Court
Harris County, Texas
Trial Court # 599128
                                                                                                    

O P I N I O N
                                                                                                    

      Appellant Lee appeals his conviction for delivery of cocaine, enhanced, for which he was
sentenced to eighteen years in prison. On May 23, 1991, Officer Williams of the Houston Police
Department was working undercover. He was in undercover dress and riding a bicycle. 
Williams saw Appellant standing in a yard with several others. He rode over to him and, after
exchanging greetings, told Appellant he needed a "twenty" (street slang for twenty dollars worth
of cocaine). Appellant told Williams to come into the yard, then went into the house. He returned
minutes later carrying a ziplock bag of what appeared to be crack cocaine. Appellant handed one
rock of cocaine from the bag to Williams. Williams paid and then rode off. He called the arrest
team and Appellant was immediately arrested. The rock tested to be 213.4 milligrams of 97.5%
pure cocaine. Appellant was indicted, convicted, and assessed a sentence of eighteen years.
      Appellant appeals on five points of error.
      Point one: "The trial court erred in denying Appellant's motion for continuance because of
injury to defense counsel."
      Point two: "Appellant received ineffective assistance of counsel at trial because of trial
counsel's injury at the time of jury selection."
      Point three: The trial court erred in denying Appellant's motion for a new trial because of
the error in originally denying Appellant's motion for continuance."
      The offense was committed May 23, 1991. Trial counsel filed four motions for continuance,
the first three of which were granted. The fourth motion, filed the morning of trial, requested
continuance because trial counsel had dislocated her shoulder earlier that morning. The motion
was heard by Judge Jimmy James and was denied. After jury selection, counsel re-urged her
motion before Judge Guarino (who tried this case), who also denied the motion.
      Appellant filed a motion for new trial based on counsel's performance, at which counsel was
the only witness. Counsel testified that when she awoke at 8:30 on the morning of trial, her
shoulder dislocated. She said this was a common occurrence and that she had never sought
medical treatment for the problem. This time, however, the pain was intense and lasted for thirty
seconds to a minute before the shoulder "went back in." Counsel then dressed, drove to court,
and prepared a typed motion for continuance listing her dislocated shoulder as reason for the
continuance. The motion was time-stamped at 9:15 a.m.—forty-five minutes after counsel
experienced the dislocation. Counsel testified she sought the continuance, not because of the pain,
but because of the trauma she had suffered from the earlier dislocation.
      Voir dire did not start until 10:30 a.m., two hours after the dislocated shoulder had "gone
back in," and counsel's own voir dire did not start until 11:30 a.m., three hours after the
dislocation. Although she did not do so, counsel contends she should have challenged for cause
a Mr. Schoville who had indicated "he could not acquit someone who had been previously
convicted." After her testimony the trial judge, who had witnessed her performance throughout
the trial, stated that counsel "very effectively and did very professionally represent the defendant,"
and denied Appellant's motion for a new trial.
      In Strickland v. Washington, 466 U.S. 668, the Supreme Court devised a two-part test for the
analysis of claims of ineffectiveness of counsel. The defendant must first show that counsel's
performance was so deficient that he was not functioning as acceptable counsel under the Sixth
Amendment. In making this finding, the appellate court employs a strong presumption that
counsel's conduct falls within the wide range of reasonable professional assistance. If the
defendant demonstrates that counsel's performance was in fact deficient, the court must move to
the second part of the two-part test, and evaluate whether the deficient performance was so serious
as to deprive him of a fair trial.
      It is impossible to judge the validity of Appellant's claims of ineffectiveness in not challenging
juror Schoville, as the appellate record does not include juror information cards, or the state's and
defense's strike lists. We cannot determine whether counsel struck others similar to Mr.
Schoville, or how Mr. Schoville compared to other jurors who were struck or seated. The
appellate record must contain all matters essential to resolution of the points of error raised on
appeal. Valenty v. State, 822 S.W.2d 805 (Tex. App.—Fort Worth); Skinner v. State, 837 S.W.2d
633 (Tex. Crim. App.).
      This record reflects that trial counsel conducted a thorough voir dire examination of the panel,
vigorously cross-examined the State's witnesses, and made appropriate objections. Counsel was
well prepared, familiar with the facts of the case, and we hold that the totality of counsel's
representation reveals that she was not ineffective.
      The granting or denial of a motion for continuance is vested in the sound discretion of the trial
court and reversal of a judgment is justified only when it is shown that the trial court has abused
its discretion. Rosales v. State, 841 S.W.2d 368 (Tex. Crim. App.).
      Counsel testified she filed for a continuance not because of the pain she was suffering during
trial, but because of trauma from the one-half minute to one minute painful episode which
occurred hours prior to trial. This case had been pending twenty-six months, and had been
delayed by counsel's prior motions for continuance. Counsel, despite her painful episode at 8:30
a.m., was able to dress, drive to court, and prepare a motion for continuance in only forty-five
minutes after the dislocation.
      The trial judge did not abuse his discretion in denying the motion for continuance. Harris v.
State, 516 S.W.2d 932 (Tex. Crim. App.); Gray v. State, 477 S.W.2d 635 (Tex. Crim. App.);
Medrano v. State, 768 S.W.2d 502 (Tex. App.—El Paso).
      Points one, two, and three are overruled.
      Point Four: "The trial court erred in refusing to instruct the jury to disregard Officer Curry's
testimony, in general terms about what is `common' as to sellers of narcotics, in order to rebut
the fact that the large quantity of crack cocaine allegedly on Appellant was not recovered at the
time of arrest, over defense counsel's sustained objection as to relevancy."
      Officer Williams testified Appellant sold him a rock of cocaine out of a baggie containing 35
to 70 rocks of cocaine. Defense counsel made much of the fact that these rocks were never
recovered, in her cross examination of both Officer Williams and Officer Curry.
      In response on redirect of Officer Curry, the State asked him:
QAre you familiar with the way transactions are done at street level?
AYes, sir.
QHow common is it on a buy bust operation to buy dope from somebody and
they have their stuff there with them?
AYou run about a less than 50 percent chance of him having it on him.
QSo he would have his dope hidden somewhere else?
[DEFENSE COUNSEL]: Objection, relevancy.
THE COURT: Sustain the objection.
[DEFENSE COUNSEL]: Ask for the instruction to disregard it.
THE COURT: Denied. Go ahead.
      Tex. R. Crim. Evid. 401 defines relevant evidence as "evidence having any tendency to make
the existence of any fact that is of consequence to the determination of the action more probable
or less probable than it would be without the evidence."
      The defense was trying to discredit Officer Williams' testimony by focusing on the fact that
the police never recovered the baggie containing the additional rocks of cocaine. The State, in
response, sought to show drug dealers did not keep cocaine on or near their person. Officer Curry
never answered the question, thus the court could have determined that the jury needed no
instruction.
      The trial court did not err in denying an instruction to disregard. In any event, any error was
harmless. Tex. R. App. P. 81(b)(2).
      Point four is overruled.
      Point five: "The trial court erred in requiring Appellant to be sworn a second time before
testifying after trial counsel asserted, in front of the jury, that he had already been sworn, thus
demonstrating the trial court's opinion that Appellant was unworthy of belief before he was
permitted to speak."
      Appellant was sworn with other witnesses early in the trial. After six defense witnesses had
testified, defense counsel called Appellant:
THE COURT: Come up here, raise your right hand and be sworn.
[DEFENSE COUNSEL]: He was sworn earlier, Your Honor.
THE COURT: Well, I didn't see that. I want him sworn again. Come on around here. 
Have a seat and talk loud and clear so the jury can hear whatever you have to say, Mr.
Lee. You may proceed counselor.
Counsel failed to preserve any error in failing to object. Tex. R. App. P. 52(a). In any event, any
error was harmless. Id. 81(b)(2).
      Point five is overruled. The judgment of the court is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Justice Cummings,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed March 15, 1995
Do not publish