*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



## MEMORANDUM OPINION

No. 04-09-00447-CR

Gabriella **SIGLER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CR-6326
Honorable Sid L. Harle, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:       Catherine Stone, Chief Justice
               Karen Angelini, Justice
               Marialyn Barnard, Justice

Delivered and Filed: July 14, 2010

AFFIRMED

Gabriella Sigler's three-month-old granddaughter, M.S., died after Sigler placed M.S. face down in a swimming pool. Gabriella Sigler pled guilty to the offense of injury to a child, and a jury assessed Sigler's punishment at eighteen years imprisonment. On appeal, Sigler contends: (1) the State did not give proper notice that it would seek a deadly weapon finding in violation of the United States and Texas Constitutions; (2) the allegation made in the indictment materially varied from the proof at the punishment hearing in violation of the United States and

Texas Constitutions; and (3) the trial court erred in instructing the jury to determine whether water was used as a deadly weapon. We affirm the trial court's judgment.

### NOTICE OF INTENT TO SEEK DEADLY WEAPON FINDING

In her first two issues, Sigler contends that the State failed to give her proper notice that it would seek a deadly weapon finding in violation of both the United States and Texas Constitutions. "[A]ccused persons are entitled to notice in some form that the use of a deadly weapon will be a fact issue at the time of prosecution, if the State intends to pursue the entry of a deadly weapon finding." *Ex parte Beck*, 769 S.W.2d 525, 526 (Tex. Crim. App. 1989). A deadly weapon means anything that in the manner of its use is capable of causing death or serious bodily injury. *See Blount v. State*, 257 S.W.3d 712, 714 (Tex. Crim. App. 2008) (quoting TEX. PENAL CODE § 1.07(a)(11)(B)). Any allegation in an indictment which avers serious bodily injury was caused by a named weapon or instrument necessarily includes an allegation that the named weapon or instrument was capable of causing serious bodily injury in the manner of its use. *Id.* (quoting *Ex parte Beck*, 769 S.W.2d at 526-27, and *Gilbert v. State*, 769 S.W.2d 535, 536-37 (Tex. Crim. App. 1989)).

In *Gilbert*, the indictment in question alleged the appellant caused serious bodily injury to the complainant "by placing the said complainant into hot liquid." 769 S.W.2d at 536. The Texas Court of Criminal Appeals held that the indictment necessarily included an allegation that the hot liquid, in that case water, was a deadly weapon because in the manner of its use the water was capable of causing serious bodily injury. *Id*. at 536-37.

Similarly, in this case, the indictment alleges that Sigler "cause[d] serious bodily injury" to M.S. "by placing [M.S.] in a swimming pool face down." Accordingly, the indictment necessarily included an allegation that the swimming pool was a deadly weapon because in the

manner of its use the swimming pool was capable of causing serious bodily injury. *See id*. Thus, Sigler had sufficient notice of the State's intent to seek a deadly weapon finding. *See id*. at 537.

Even if the indictment had failed to provide notice of the State's intent to seek a deadly weapon finding, Sigler's attorney conceded on the record that the State had filed a written notice of its intent to seek a deadly weapon finding when Sigler was initially indicted in 2005. Although Sigler was subsequently reindicted in 2007, the reindictment did not change the substantive allegations of the offense for which Sigler was on trial. Despite Sigler's contention in her brief that the allegations did substantively change in the 2007 indictment, Sigler filed a written motion in the 2007 cause number to incorporate all pre-trial motions filed in the 2005 cause number because the allegations were similar and based on the same facts. Under these circumstances, the notice filed in the 2005 cause carried forward, and renotification was not required. *See Medrano v. State*, 768 S.W.2d 502, 504 (Tex. App.—El Paso 1989, pet. ref'd); *see also Dotson v. State*, 146 S.W.3d 285, 300 (Tex. App.—Fort Worth 2004, pet. ref'd) (holding initial indictment put defendant on notice that the State intended to seek a deadly weapon finding).

### MATERIAL VARIANCE AND JURY CHARGE

In Sigler's third and fourth issues, she contends the allegation in the indictment that the swimming pool was a deadly weapon materially varied from the proof at trial that the water in the swimming pool was a deadly weapon. In Sigler's fifth issue, she also complains that the trial court erred in instructing the jury to determine whether water was used as a deadly weapon because of the material variance.

"A 'variance' occurs when there is a discrepancy between the allegations in the charging instrument and the proof at trial." *Gollihar v. State*, 46 S.W.3d 243, 246 (Tex. Crim. App. 2001). A variance between the wording of an indictment and the evidence presented at trial is fatal only if it is material and prejudices the defendant's substantial rights. *Id.* at 257 (quoting *United States v. Sprick*, 233 F.3d 845, 853 (5th Cir. 2000)). When reviewing such a variance, we must determine whether the indictment, as written, informed the defendant of the charge against him sufficiently to allow him to prepare an adequate defense at trial, and whether prosecution under the deficiently drafted indictment would subject the defendant to the risk of being prosecuted later for the same crime. *Id.* Allegations giving rise to immaterial variances may be disregarded. *Id.* When arguing a variance, the burden of demonstrating surprise or prejudice rests with the defendant. *Santana v. State*, 59 S.W.3d 187, 194 (Tex. Crim. App. 2001).

In this case, the indictment informed Sigler of the charge against her, enabling her to prepare a defense. The indictment alleged that Sigler caused serious bodily injury to M.S. by placing her in a swimming pool face down. The record does not demonstrate that Sigler was surprised or prejudiced by proof that the swimming pool was filled with water or that Sigler had drowned M.S. Sigler's defense was not focused on the manner in which M.S. was drowned. Instead, Sigler's defense was focused on efforts to convince the jury to be lenient in assessing Sigler's punishment because of her bipolar disorder and her need for mental health treatment. In addition, Sigler is not at risk of being prosecuted later for the same crime because the indictment alleged Sigler caused M.S. serious bodily injury by placing her in a swimming pool face down as opposed to alleging that Sigler caused M.S. serious bodily injury by placing her in the water in a swimming pool face down. Therefore, under the facts and circumstances presented in the record, we hold that any variance between the indictment and the proof at trial was not prejudicial to

Sigler's substantial rights and was, therefore, immaterial. Accordingly, Sigler's third, fourth, and fifth issues are overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH