**Kunlay SODIPO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1390–88.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 12, 1990.

Rehearing Granted Nov. 28, 1990.

On Rehearing June 12, 1991.

Rehearing Dismissed Sept. 18, 1991.

Catherine Greene Burnett (court appointed on appeal), Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and Cathleen C. Herasimuchuk, Danise Crawford and J. Harvey Hudson, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

Appellant was convicted by a jury of the felony offense of credit card abuse. V.T.C.A.Penal Code, § 32.31. After appellant pled "true" to the enhancement paragraph, the jury assessed punishment at confinement for fifteen years in the Texas Department of Corrections.[1] In a published opinion, the Eastland Court of Appeals affirmed the judgment of the trial court. *Sodipo v. State*, 760 S.W.2d 48 (Tex.App.— Eastland 1988).[2] We granted the appellant's petition for discretionary review to determine whether the Court of Appeals erred in holding that there was no reversible error in the trial court's action denying appellant an additional ten days to prepare for trial following amendment of the indictment.[3] We will reverse.

Prior to jury selection, the State moved to amend the indictment pursuant to V.A.C.C.P. Art. 28.10(a). Appellant objected to the amendment and requested an additional ten days to prepare for trial pursuant to V.A.C.C.P. Art. 28.10(a). In a pretrial hearing, appellant's counsel was called as a witness by the State. The prosecutor questioned appellant's counsel on whether he was aware that the difference between the first indictment and the re-indictment [the subject of the motion to amend] was the cause number in the enhancement paragraph. Appellant's counsel testified that as far as he knew "it was the

1. Now the Texas Department of Criminal Justice, Institutional Division.

2. Appeal was transferred to the Eastland Court of Appeals from its original assignment to the Fourteenth Court of Appeals.

3. We granted discretionary review for the following reasons: (1) the petition presented an important question of law not previously addressed by this Court, Tex.R.App.Pro. 200(c)(2); and (2) a decision of the Eleventh Court of Appeals conflicted with another court of appeals, *Beebe v. State*, 756 S.W.2d 759 (Tex.App.— Corpus Christi 1988). Tex.R.App.Pro. 200(c)(1).

same enhancement."[4]

The prosecutor then argued that the requested amendment was not a change in form or substance. Appellant reurged his objection to the amendment and his request for ten days time under V.A.C.C.P. Art. 28.10(a). The trial court permitted the amendment, finding that there was no change in substance, and answered appellant's objection by commencing the trial on the merits that day.

On appeal, the Court of Appeals held that no reversible error was committed when the trial court refused to allow the appellant an additional ten days to prepare for trial following an amendment of the indictment by the State. *Sodipo*, 760 S.W.2d at 49. The Court of Appeals reasoned that since the only function of the enhancement paragraph was to provide notice to an accused of the prior conviction relied upon by the State to enhance the accused's punishment, no error resulted. *Id.* The Eastland Court of Appeals rejected the holding in *Beebe v. State*, 756 S.W.2d 759 (Tex.App.—Corpus Christi 1988) wherein the Corpus Christi Court of Appeals held that reversible error occurs without any showing of harm or prejudice when a defendant properly requests and the trial court denies the ten days time provided by Art. 28.10(a). The Court of Appeals further held that, even if it was error to refuse the additional time, it was harmless error under Tex.R.App.Pro. 81(b)(2).

The appellant argues that he was entitled to an additional ten days under V.A.C.C.P. Art. 28.10 which provides:

> After notice to the defendant, a *matter of form or substance* may be amended at any time before the date the trial on the merit commences. On request of the defendant, the court *shall* allow the defendant not less than 10 days, or a shorter period if requested by the defendant, to respond to the amended indictment or information.

(emphasis added). Appellant also argues that error committed in failing to comply with the mandatory language of the statute is not subject to a harmless error analysis under Tex.R.App.Pro. 81(b)(2).

The State initially counters that the present indictment never needed to be amended. The State contends that a discrepancy between the cause number of an enhancement allegation in an indictment and the cause number contained in the actual judgment is not fatal and not reversible error when a defendant is neither surprised or prejudiced. *Human v. State*, 749 S.W.2d 832, 837–38 (Tex.Cr.App.1988) (variance between two D.W.I. enhancement cause numbers as plead and proven not material). Essentially, the State argues that since the amendment was an unnecessary act, no error occurred.

Certainly, the State would have a credible argument if the issues sub judice concerned sufficiency of the evidence or notice pursuant to V.A.C.C.P. Art. 21.11. However, the question before the Court is not whether the State has complied with due process notice concerns, nor whether the evidence is sufficient in the punishment phase to support the punishment verdict, but whether the appellant has been given the minimal time contemplated by Art. 28.-10(a) for total trial preparation to adequately meet the State's pleading. Although any advantage to be gained by this additional time is open to speculation, suffice it to say that this Court has frequently reversed cases because of counsel's failure to adequately prepare for trial. *See e.g. Ex parte Pool*, 738 S.W.2d 285 (Tex.Cr.App. 1987) (counsel found to be ineffective for failing to discover that prior convictions used for enhancement purposes became final the same day, inducing appellant to enter guilty plea involuntarily). Therefore, we find these arguments to be without merit.

The State also argues that art. 28.10 is not a mandatory statute. The terms

---

**4.** The State relies on this testimony to bolster its argument that any error committed was harmless. Essentially, this testimony established that, at that moment, without the aid of the additional time allowed under art. 28.10(a), it appeared to appellant's counsel to be the same enhancement allegation.

"must" and "shall" are synonymous and are usually mandatory when used in statutes. *Brinkley v. State,* 167 Tex.Crim. 472, 320 S.W.2d 855, 856 (Cr.App.1958). Although the term "shall" may sometimes be construed to be permissive or directory, we understand the rule to be that "shall" should be given the meaning that best expresses the legislative intent. *Brinkley,* 320 S.W.2d at 856; *State ex rel. Skeen v. Tunnell,* 768 S.W.2d 765, 767 (Tex.App.— Tyler 1989).

Prior to the adoption of the Texas Rules of Appellate Procedure, this Court determined that similar provisions were not subject to a harm analysis. *See e.g. Peters v. State,* 575 S.W.2d 560, 561 (Tex.Cr.App. 1979) (interpreting V.A.C.C.P. Art. 26.04, appointment of counsel); *Johnson v. State,* 567 S.W.2d 214, 216 (Tex.Cr.App.1978) (interpreting V.A.C.C.P. Art. 27.11, time allowed for filing of pleadings).

In the instant case, the clear and unambiguous language of the statute directs the trial court to grant an additional ten days time *whenever* an amendment to an indictment of "form or substance" takes place. Nothing in the rule or its legislative history lends itself to the State's interpretation that some amendments are trivial while others are not.[5] The rule is essentially prophylactic in nature and does not allow the trial court any discretion when properly invoked. Therefore, we construe V.A.C.C.P. Art. 28.10(a) as being mandatory in nature. *Accord Smith v. State,* 789 S.W.2d 590 (Tex.Cr.App.1990). We find that the Court of Appeals erred when it failed to find that the trial court erred in denying appellant an additional ten days time.

Next, we turn to the State's contention that the failure to afford the defendant the mandatory ten days under the statute is subject to a harmless error analysis. We find our discussion in the recent case of *Roberts v. State,* 784 S.W.2d 430, 435 (Tex. Cr.App.1990) concerning the use of harm-

less error analysis as applied to mandatory provisions to be instructive:

> Prior to the promulgation of the Rules of Appellate Procedure not every "error in the proceedings below" was deemed subject to a harm analysis. Violation of some procedural provisions, "mandatory" in nature, was held by the Court to justify reversal of the conviction without an inquiry into harmfulness, *vel non,* of the error. A ready example is violation of Article 35.11, V.A.C.C.P., the jury shuffle statute. E.g., *Smith v. State,* 648 S.W.2d 695 (Tex.Cr.App.1983). In cases involving breach of many procedural statutes the record will contain no concrete data from which an appellate court can meaningfully gauge the likelihood that the error did or did not contribute to the conviction or punishment of the accused.

*Id.* at 435. We do not decide today whether all "mandatory" statutes are immune to a harmless error analysis. We do find that provisions such as the ten day requirement found in Art. 28.10(a) cannot be subjected to a harm analysis in any meaningful manner, because the record will not reveal any concrete data from which an appellate court can meaningfully gauge or quantify the effect of the error.

By comparison, the United States Supreme Court has made the distinction between its federal harmless error rule and the use of an automatic reversal rule by focusing on the reliability of the outcome of the trial. Those rights that require automatic reversal, according to the Court, are so basic or fundamental that in their absence "a criminal trial cannot reliably serve its function as a vehicle for determination of guilt or innocence ... and no criminal punishment may be regarded as fundamentally fair." *Rose v. Clark,* 478 U.S. 570, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986). The distinctive characteristic of these violations is that it is extremely difficult to know whether they might have affected the outcome, or the likelihood that

---

**5.** If the Legislature had intended to provide ten days or "reasonable time to prepare," a violation of art. 28.10(a) would clearly be subject to a harmless error analysis. Instead, the Legisla-

ture opted to draft this provision as a bright line rule. We decline the State's invitation to effectively amend art. 28.10 to include a "reasonable time" provision.

they have influenced the outcome is so strong that it is not worth expending the judicial resources necessary to evaluate the effect of the error in particular cases.[6] *United States v. Cronic,* 466 U.S. 648, 659–60, 104 S.Ct. 2039, 2047–48, 80 L.Ed.2d 657 (1984). We find this reasoning to be persuasive in our determination of whether Rule 81(b)(2) applies in the instant case. Therefore, we hold that the Court of Appeals erred when it held that a harmless error analysis under Rule 81(b)(2) should be applied to the ten day provision of Art. 28.10(a).

The judgment of the Court of Appeals is reversed and the cause is remanded to the trial court for action consistent with this opinion.

DAVIS, J., not participating.

## OPINION ON STATE'S MOTION FOR REHEARING

OVERSTREET, Judge.

This Court accepted for review the issue of whether the court of appeals had erred in holding that there was no reversible error in the trial court's action denying appellant an additional ten days to prepare for trial following amendment of the indictment. In an opinion decided September 12, 1990, we concluded that such denial was reversible error. On December 28, 1990, we granted the State's motion for rehearing in order to reconsider our earlier decision.

On April 27, 1988, the State moved to amend the indictment in this cause. Over appellant's objection, the indictment was amended as follows: "to change the enhancement paragraph cause number from *427424* to *427427.*" (Emphasis in original.)[1] Appellant objected to the amendment and requested ten days to prepare for trial, pursuant to Article 28.10, V.A.C.C.P.[2] This entire episode occurred on the day of trial prior to jury selection.

■ A careful reading of Article 28.10 reveals that neither Subsection (a) or (b) addresses an indictment amendment on the date of trial prior to the commencement of trial on the merits. Subsection (a) contemplates a situation in which the amendment occurs *before* the date trial on the merits commences. In response to an amendment at that time, upon request a defendant must be allowed at least 10 days (or less upon such a request by the defendant) to respond to the amended instrument. Subsection (b) envisions an amendment *after* trial on the merits has commenced. Neither section provides for amendment on the date of trial prior to the commencement of trial on the merits. Therefore, discussion of Subsection (a) in our opinion on original submission was improvident. Although appellant objected and requested the 10 days of time to respond, which is mandated by Subsection (a), he was not entitled to the 10 days because the timing of the amendment did not fall within the parameters of Subsection (a). We must determine whether the absence of any specific criteria in Article 28.10 providing for amendments made on the date of trial but prior to commencement of trial on the merits acts as a prohi-

---

**6.** *See e.g. Vasquez v. Hillery,* 474 U.S. 254, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986) (discrimination by a grand jury); *Hollaway v. Arkansas,* 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978) (Sixth Amendment assistance of counsel); *Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974) (Sixth Amendment right to a fair and impartial jury); *Payne v. Arkansas,* 356 U.S. 560, 78 S.Ct. 844, 2 L.Ed.2d 975 (1958) (coerced confession).

**1.** The record does contain an instrument appearing to be virtually identical to the original indictment but which includes the precise change prayed for in the State's motion to amend.

**2.** Specifically, appellant stated, "[T]his being the date of trial in this matter ..., and we first being presented with the motion to amend on today, my client respectfully objects to the amendment and requests his ten days to prepare for trial, to which 28.10 states that he is allowed if a change is made in form or substance in the charging instruments on or before the date of trial," and shortly thereafter added, "I renew my objection and state ... [t]hat [appellant] is entitled to ten days to prepare for trial and ten days' notice of changes of form or substance, and we believe that the changes ... are changed in both form and substance and we would request respectfully our ten days' notice."

bition against any amendments whatsoever during that time frame.

 In *State v. Murk*, 815 S.W.2d 556 (Tex.Cr.App.1991), we held that the State is not permitted to amend an indictment on the day of trial prior to the trial commencing.[3] (However, in *Murk*, such error was waived by the defendant failing to object at trial to such amendment.) In the instant cause, appellant specifically objected in the manner noted at footnote 2. Thus, he properly preserved his claim of error. We therefore hold that the State was not permitted to amend the instant indictment on the date of trial prior to trial on the merits commencing.[4] Therefore, in light of our interpretation of Article 28.10, we conclude that the trial court, when faced with the State's motion to amend, should have denied the motion. Since the trial court did not, error was committed.

We conclude that in order to give effect to the full meaning and intent of Article 28.10, which is written with clarity and is not ambiguous, the error complained of in the instant case, i.e., that the State should not be permitted to amend a charging instrument on the day of trial prior to commencing trial on the merits over the defendant's objection, should not be subjected to a harm analysis.

The judgments of the trial court and the court of appeals are hereby reversed and the cause is remanded to the trial court for proceedings not inconsistent with this opinion.

McCORMICK, P.J., and WHITE, J., concur in result.

---

**3.** If the State were allowed to amend at that time, it would not be subject to the constraints of either Subsection (a) or (b). Thus, a "window-of-opportunity" would be opened where a defendant would have neither the right to a 10 day continuance nor an absolute veto as he would have had had the amendment been earlier or later. Thus, the State would be rewarded by "hiding behind the log" and waiting until the "window" period to move to amend rather than doing so earlier when a defendant would have been entitled to 10 days to respond. We hold that the Legislature did not intend to open such a window.

**4.** Article 28.10 clearly speaks to allow amendments at the two time frames discussed above. We hold that to amend at any other time is error.