Marcus WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–91–00475–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 26, 1992.

Kenneth P. Mingledorff, Houston, for appellant.

J. Harvey Hudson, Houston, for appellee.

Before SEARS, CANNON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Marcus Williams, appeals his judgment of conviction for the offense of aggravated robbery. TEX.PENAL CODE ANN. § 29.03 (Vernon 1989). The jury rejected appellant's not guilty plea and the court, after finding the one enhancement paragraph of the indictment to be true, assessed punishment at thirty (30) years in the Institutional Division of the Texas Department of Criminal Justice. We reverse the trial court's judgment and remand the cause for a new trial.

In his sole point of error, appellant asserts that the trial court committed reversible error when it allowed the State to amend the indictment on the day of trial over objection of defense counsel.

On the day of trial but before jury selection, the State moved for an amendment to the indictment:

> [STATE ATTORNEY]: Your Honor, I have one motion prior to arraigning. State of Texas comes by and through his assistant district attorney, David Pendleton, in Marcus Williams's (sic) cause, Cause No. 596,190, which is the reindicted case.
>
> The State would make a trial amendment in the enhancement paragraph, which is the third paragraph of the indictment, where it says Cause No. 472,102. That should say 472,103. Of course, there is case law that says that paragraph, with that one small change, would be sufficient notice and that is the issue in enhancement.
>
> [THE COURT]: Hold on just a minute. What does the enhancement paragraph say at this point? 472,102?
>
> [STATE ATTORNEY]: It says 472,102 is what the cause number—
>
> [THE COURT]: You want it to read 472,-103?
>
> [STATE ATTORNEY]: That's correct.
>
> [DEFENSE ATTORNEY]: We, of course, would object to that, your Honor.
>
> [THE COURT]: The motion will be granted. The indictment will be

amended, reflecting that change in the cause number. Anything further?

> [STATE ATTORNEY]: No. Your Honor. State's ready.

■ An amendment to an indictment is governed by TEX.CODE CRIM.PROC.ANN. art. 28.10 (Vernon 1989). Under this article, a matter of form or substance can be amended before the date the trial commences or after the trial on the merits commences. An amendment before the trial on the merits commences is allowed if appellant is given at least ten days to respond. The appellant must request the continuance. An amendment after the trial commences is disallowed if the appellant objects to the amendment and the substantial rights of the appellant are prejudiced. TEX.CODE CRIM.PROC.ANN. art. 28.10. This case deals with an amendment on the day of trial prior to the trial commencing. The Court of Criminal Appeals decided this issue in *Sodipo v. State*, 815 S.W.2d 551 (Tex.Crim. App.1991). In *Sodipo* the court, with similar facts as the case at bar, found that the trial court committed error by allowing the State to amend the indictment on the day of trial but prior to commencement of the trial on the merits. *Id.* at 556. The court reasoned that allowing the State to amend at that time would open a "window of opportunity" since the State would not be subject to article 28.10. *Id.* at 556 n. 3. This "window" would allow the State to "hide behind the log" and amend at *this time* when there are no statutory restrictions. The Legislature did not intend such a result. *Id.*

*Sodipo* further holds that an amendment at any other time, besides the two contemplated by article 28.10, is error. *Id.* at 556 n. 4. The amendment in this case was at a time not covered by article 28.10. The trial court should have denied the State's motion to amend. Failure to do so constituted error.

■ The State urges us to consider this harmless error. An amendment on the day of trial prior to the trial of the merits commencing is reversible error regardless of harm. *See Brown v. State*, 828 S.W.2d 762 (Tex.Crim.App.1991).

The State raises the point that appellant did not preserve this error by failing to request ten additional days to prepare for trial after objecting. The State cites many "time/notice" statutes that require an affirmative request for a continuance to preserve error and urges us to find that article 28.10 also has such a requirement. This we cannot do. *Sodipo* states that since the timing of the amendment does not fall within article 28.10, appellant was not entitled to the ten days' continuance under this statute. 815 S.W.2d at 555. We sustain appellant's sole point of error.

Accordingly, we reverse the judgment of the trial court and remand for a new trial.