Theresa Fay **KENNERSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. A14–90–00796–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 25, 1993.

James Randall Smith, Houston, for appellant.

Carmen Falls Hunter, Houston, for appellee.

Before CANNON, ELLIS and LEE, JJ.

## OPINION

ELLIS, Justice.

Appellant, Theresa Fay Kennerson, appeals her judgment of conviction for possession with intent to deliver a controlled substance, namely, cocaine, weighing less than 28 grams by aggregate weight, including any adulterants and dilutants. TEX. HEALTH & SAFETY CODE ANN. §§ 481.-102(3)(D) and 481.112(a), (b) (Vernon 1992). The jury rejected appellant's not guilty plea and assessed punishment at five (5) years confinement in the Institutional Division of the Texas Department of Criminal Justice. We will reverse and remand for a new trial.

The relevant facts are as follows: Officer Keith Swatzel of the Houston Police Department went to investigate a traffic accident on May 14, 1990, at about 11:30 a.m. Swatzel testified that he saw appellant and another person in a grey Mazda at the scene of the accident. Swatzel tried to speak to appellant and the passenger to find out who they were but "neither one of them could or would" speak to him. Swatzel was looking for some kind of identification when he saw a purse lying in the back of the car. There was a pistol handle sticking out of the purse. Swatzel took custody of the purse which actually contained two pistols. Appellant, who had been driving a rental car, went to the hospital by ambulance.

Officer Fuller was also at the scene of the accident. Fuller noticed that the pistols from appellant's bag were loaded. He went further into appellant's bag to "determine who she was" and to look for more weapons. Fuller found loose ammunition inside the purse, a container holding fifty-nine rocks of crack cocaine, a pager, and $132.87 in cash.

In her sole point of error, appellant asserts that the trial court erred in denying her ten (10) days to prepare for trial pursuant to TEX. CODE CRIM.PROC.ANN. art. 28.10 (Vernon 1989) after granting the State's Motion to Amend the Indictment. We agree.

The indictment states that appellant possessed cocaine, with an intent to deliver, on or about May 14, 1990. The enhancement paragraph of the indictment states that:

It is further presented that at the time the Defendant committed the felony offense of possession of cocaine on or about May 19, 1990, as hereinabove alleged, she [sic] used and exhibited a deadly weapon, namely a firearm, during the commission of and during the immediate flight therefrom.

On the day of trial, the State filed a Motion for Leave to Amend Indictment. The State explained they needed to change the commission date in the enhancement allegation. Appellant countered that they had not seen or received a copy of the Motion for Leave to Amend Indictment and that they have had absolutely no opportunity to research and look at the cases brought by the State. "We had to prepare for a defense for something that took place on one date, and then there was an allegation as to a weapon being used on a subsequent date." Appellant then stated that he would agree to the amendment but he needed ten (10) days in order to prepare a defense for the changes. The Court overruled the defense's objections and permitted the amendment. The Court then immediately arraigned the defendant and proceeded to trial.

Appellant's argument is governed by *Sodipo v. State*, 815 S.W.2d 551 (Tex.Crim. App.1991) (opinion in rehearing). This deci-

sion involved facts which are closely aligned to the facts in the present case. First, both cases involve an amendment on the day of trial but prior to commencement of trial, and both involve correction of a typographical error in the enhancement paragraph. *Id.* The trial court in *Sodipo* allowed an amendment of the cause number in the enhancement paragraph of the indictment. Second, both involve the issue of whether it is error for a trial court to deny a requested continuance after it has allowed an amendment. *Id.*

TEX.CODE CRIM.PROC.ANN. article 28.10 provides that:

(a) After notice to the defendant, a matter of form or substance in an indictment or information may be amended at any time before the date the trial on the merits commences. On the request of the defendant, the court shall allow the defendant not less than 10 days, or a shorter period if requested by the defendant, to respond to the amended indictment or information.

(b) A matter of form or substance in an indictment or information may also be amended after the trial on the merits commences if the defendant does not object.

(c) An indictment or information may not be amended over the defendant's objection as to form or substance if the amended indictment or information charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced.

In *Sodipo v. State*, the Court found that article 28.10(a) was "mandatory in nature" and that the trial court had erred when it denied Sodipo's request for additional time after the State was allowed to amend the indictment on the day of trial. The Court further concluded that the provision in article 28.10(a) giving the defendant ten days to prepare for trial after the State amends an indictment "cannot be subjected to a harm analysis in any meaningful manner, because the record will not reveal any concrete data from which an appellate court can meaningfully gauge or quantify the

effect of the error." *Sodipo*, 815 S.W.2d at 554. *See Brown v. State*, 828 S.W.2d 762 (Tex.Crim.App.1991).

We find that the trial court committed error in not granting appellant ten (10) days to prepare or respond to the amended indictment pursuant to article 28.10(a) of the Texas Code of Criminal Procedure.

The judgment of the trial court is reversed and the case remanded for a new trial.