Marshall Ray **DUNCAN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. A14–91–00373–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

March 25, 1993.

---

Sharon Seate, Houston, for appellant.

J. Harvey Hudson, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ELLIS and LEE, JJ.

**OPINION**

LEE, Justice.

Appellant entered a plea of not guilty to an indictment charging him with the offense of murder. TEX.PENAL CODE ANN.

§ 19.02(a)(3). He was convicted and the jury assessed punishment at forty years imprisonment. We affirm.

■ The indictment in this case presented three alternative means of committing the same offense, with each manner and means set out in a separate paragraph. On the day of trial, just prior to voir dire, the State filed a motion for leave to amend the third paragraph of the indictment to add, "hereafter styled the complainant," after, "MARCUS SMITH", the complainant's name. Appellant objected to the amendment and requested a continuance of 10 days pursuant to TEX.CODE CRIM.PROC.ANN. art. 28.10(a) (Vernon 1989). The trial court overruled appellant's objection reasoning that appellant was not surprised by the amendment, because the other two paragraphs of the indictment stated the identity of the complainant. Appellant's attorney responded that he was not required to show surprise, only that a change in form or substance occurred in the indictment. The trial court granted the State's motion, and denied appellant's request for a continuance. In a single point of error, appellant asserts that the trial court committed reversible error in granting the State's motion to amend the indictment on the date of trial but prior to the commencement of trial on the merits, over his objection.

Our Code of Criminal Procedure specifically sets forth the circumstances under which an indictment may be amended. TEX.CODE CRIM.PROC.ANN. art. § 28.10 (Vernon 1989) provides, in relevant part:

(a) After notice to the defendant, a matter of form or substance in an indictment or information may be amended at any time before the date the trial on the merits commences. On the request of the defendant, the court shall allow the defendant not less that 10 days, or a shorter period if requested by the defendant, to respond to the amended indictment or information.

(b) A matter of form or substance in an indictment or information may also be amended after the trial on the merits commences if the defendant does not object.

(c) An indictment or information may not be amended over the defendant's objection as to form or substance if the amended indictment or information charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced.

■ It has recently been held that allowing the State to amend a charging instrument on the day of trial prior to commencing trial on the merits over defendant's objection is reversible error, and should not be subject to a harm analysis. *Sodipo v. State*, 815 S.W.2d 551, 556 (Tex.Crim.App. 1990). As appellant points out, error is preserved if the defendant specifically, objects to the amendment of the indictment. *State v. Murk*, 815 S.W.2d 556 (Tex.Crim. App.1991). In *Sodipo*, the trial court permitted the State to amend an enhancement paragraph cause number from 427424 to 427427 on the day of trial but before trial commenced, over the objection of defense counsel and then denied the defendant's request a ten day continuance.

Similarly, this court in *Williams v. State*, 837 S.W.2d 819 (Tex.App.—Houston [14th Dist.] 1992, no pet.) held that the trial court committed reversible error by allowing the State to amend the indictment from Cause No. 472,102 to Cause No. 472,103. Following the reasoning in *Sodipo*, this court rejected the State's request for a harm analysis.

However, the Court of Criminal Appeals in *Ward v. State*, 829 S.W.2d 787 (Tex. Crim.App.1992), was called upon to interpret the provisions of Arts. 28.10 and 28.11, V.A.C.C.P., and determine precisely when an indictment is "amended" as that term is used in the statutes. Article 28.11 provides that "[a]ll amendments of an indictment or information shall be made with the leave of the court and under its direction." The State in *Ward* filed a motion to amend the indictment on the day of trial to change the name of the complaining witness from "Seth Haller" to "Steve Scott." Appellant objected, claiming that such an amendment would charge him with a "new or different or additional" offense as prohibited by Art.

28.10(c). The trial judge overruled the objection and granted the State's motion.

The Court determined that for the purposes of Article 28.10, "amend" means an actual alteration in the charging instrument itself. *Id.* at 794. For example, handwriting, typing, interlining, or striking out. *Id.* at 793 n. 14. The Court reasoned that neither the motion itself nor the trial judge's granting thereof is the amendment; rather the two comprise the authorization for the eventual amendment of the charging instrument pursuant to Art. 28.10. *Id.* at 793. The motion before the Court reflected the desired change in the complainant's name and incorporated the trial judge's order granting the State's motion. The order stated, "[t]he foregoing Motion is hereby granted and the indictment is hereby amended." The Court held that the indictment was never in fact amended despite the language of the court's order, because no interlineation regarding the complainant's name was made on the grand jury's indictment. *Id.* at 788.

As in *Ward,* the indictment before this court was never amended on its face, in spite of the trial court granting the State's motion to do the same. The only indictment contained in the record before this court is an indictment without evidence of any handwriting, typing, interlining, or striking out. The paragraph of the indictment appellant complains of still reads, " ... did cause the death of MARCUS SMITH, by intentionally and knowingly...." There is no evidence of any change in the language of the indictment as requested by the State. Since we hold that no amendment to the indictment occurred in the instant case, appellant's sole point of error alleging the trial court erred in granting the State's motion to amend is without merit.

The judgment of the trial court is affirmed.

ELLIS, J., dissents without opinion.