**Fernando GARCIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–95–396–CR.**

Court of Appeals of Texas,
Corpus Christi.

Aug. 1, 1996.

Rehearing Overruled Sept. 19, 1996.

---

Juan Martinez Gonzales, Alice, for Appellant.

George P. Morrill, II, District Attorney, Beeville, for State.

Before DORSEY, FEDERICO G. HINOJOSA, Jr. and RODRIGUEZ, JJ.

## OPINION

RODRIGUEZ, Justice.

Appellant was convicted of indecency with a child and sentenced to ten years confinement. Appellant now appeals by six points of error.

## AMENDED INDICTMENT

By his first point of error, appellant contends that the trial court erred in allowing the State to amend a typographical error in the indictment, over appellant's objection, on the day of trial. The indictment alleged that appellant committed the offense of indecency with a child "on or about the 30th day of December, 1994." On the day of trial, but before the jury was empaneled, the trial court amended the indictment to reflect that the offense occurred "on or about December 30, 1992." In response to appellant's objection, the State argued that although the indictment with the wrong date was read to the jury during voir dire, the prosecutor stated the correct date when addressing the panel. The State also presented testimony by the district clerk who confirmed that the date was inserted by either typographical error or mistake. In light of the amended indictment, the court proposed a ten day continuance for appellant to prepare for trial. Appellant waived the continuance, re-urged his objection, and moved for a directed verdict. The trial court denied appellant's motion, and following a trial, appellant was convicted based on the amended indictment.

Article 28.10 of the Code of Criminal Procedure governs amendments of indictments and states in relevant part as follows:

Art. 28.10. Amendment of indictment or information

(a) After notice to the defendant, a matter of form or substance in an indictment or information may be amended at any time before the date the trial on the merits commences. On the request of the defendant, the court shall allow the defendant not less than 10 days, or a shorter period if requested by the defendant, to respond to the amended indictment or information.

(b) A matter of form or substance in an indictment or information may also be amended after the trial on the merits commences if the defendant does not object.

Relying on our holding in *Hinojosa v. State*, 875 S.W.2d 339 (Tex.App.—Corpus Christi 1994, no pet.), we find that the trial court erred in amending the indictment on the day of trial and that such error requires reversal.

In *Hinojosa*, the defendant's indictment stated that he "did ... intentionally and knowingly finance and invest funds the Defendant knew and believed were intended to further the commission of the AGGRAVATED DELIVERY OF MARIHUANA." *Id.* at 341. The State moved to amend the indictment deleting the word "delivery" and replacing it with "possession." Though the State filed its motion more than two months before trial, the indictment was not physically amended until the day of jury selection. The amendment occurred prior to jury selection and over the defendant's objection. After the jury was selected and sworn, they found the defendant guilty of possession of marihuana.

In reversing the judgment, we first recognized that the Texas Court of Criminal Appeals held in *Sodipo v. State*, 815 S.W.2d 551, 556 (Tex.Crim.App.1990) (indictment amended on day of trial), that the State could not amend its indictment "on the date of trial prior to trial on the merits commencing." *Hinojosa*, 875 S.W.2d at 342. We focused our analysis, then, on when a "trial on the merits" commenced.

Relying on article 36.01 of the Code of Criminal Procedure, which governs the order of proceedings in trial, we held that a "trial on the merits commences at the time that the jury is impaneled and sworn, i.e., at the same time that jeopardy attaches." *Id.; cf. Crist v. Bretz,* 437 U.S. 28, 38, 98 S.Ct. 2156, 2162, 57 L.Ed.2d 24 (1978) (federal rule that jeopardy attaches in a jury trial when the jury is impaneled and sworn is an integral part of the constitutional guarantee against double jeopardy); *Miller v. State,* 692 S.W.2d 88, 91 (Tex.Crim.App.1985) (a trial "commences," under contemplation of federal rule of procedure 43, "at least" from the time that the work of impaneling jurors begins). Based on this reasoning, and given that Article 28.10(a) states that an indictment may be amended at any time *before the date the trial on the merits commences,* we held that the trial court erred in permitting the State to amend a charging instrument on the date of trial on the merits—the day that the jury was sworn.[1]

The facts of the present case fall squarely within the precedent set in *Hinojosa.* As in *Hinojosa,* the trial court here amended the indictment on the day the jury was sworn. Also, the trial court in this case amended the indictment over the defendant's repeated objections. Unlike *Hinojosa,* however, the State here waited until the date of trial on the merits to even file its motion to amend. Given these facts, and in light of *Sodipo* and *Hinojosa,* we hold that the trial court erred in permitting the State to amend the indictment, over appellant's objection, on the same date and immediately prior to commencing the trial on the merits. *Sodipo,* 815 S.W.2d at 556; *Hinojosa,* 875 S.W.2d at 342. Appellant's first point of error is sustained.

Since this point is dispositive of the appeal, we decline to address the remaining points of error. TEX. R. APP. P. 90(a).

The judgment of the trial court is REVERSED and REMANDED for a new trial.

---

1. We also held that based on *Sodipo,* such error was not subject to a harm analysis. *Id.*