# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00669-CR

**William Edward Hughes, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BLANCO COUNTY, 424TH JUDICIAL DISTRICT
### NO. CR952, HONORABLE DANIEL H. MILLS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant William Edward Hughes guilty of four counts of sexual assault of a child. *See* Tex. Penal Code Ann. § 22.011 (West Supp. 2009). The jury assessed punishment for each count at twenty years in prison and a $10,000 fine, and the trial court ordered the sentences to run consecutively. Appellant contends that the trial court reversibly erred by overruling his motion to dismiss two counts of the indictment as barred by the statute of limitations and by permitting the State to amend the indictment. He also contends that the evidence is insufficient to sustain the convictions. We overrule these contentions and affirm the convictions.

**LIMITATIONS**

Appellant moved to dismiss counts one and two of the indictment because prosecution of those counts was barred by limitations. Count one alleged that on or about July 25, 1994, appellant "intentionally or knowingly cause[d] the penetration of the mouth of A1, a child who was . . . younger than 17 years of age and not the spouse of the defendant, by defendant's sexual organ."[1] *See id.* § 22.011(a)(2)(B). Count two alleged that on or about July 25, 1994, appellant "intentionally or knowingly cause[d] the mouth of A1, a child who was . . . younger than 17 years of age and not the spouse of the defendant, to contact the sexual organ of the defendant." *See id.* § 22.011(a)(2)(E).

The limitations periods for felonies are found in code of criminal procedure article 12.01. Tex. Code Crim. Proc. Ann. art. 12.01 (West Supp. 2009). In 1994, the limitations period for sexual assault of a child was ten years from the date of the commission of the offense. Act of May 23, 1991, 72nd Leg., R.S., ch. 565, § 6, 1991 Tex. Gen. Laws 2003, 2004. In 1997, the limitations period was changed to ten years from the eighteenth birthday of the victim of the offense. Act of May 24, 1997, 75th Leg., R.S., ch. 740, § 1, 1997 Tex. Gen. Laws 2403. Absent legislative intent to the contrary, a statute extending the limitations period applies to all offenses not barred at the time the act goes into effect, so that the prosecution may be commenced at any time within the newly established period. *Rose v. State*, 716 S.W.2d 162, 165 (Tex. App.—Dallas 1986, pet. ref'd). A1 was born on July 25, 1978. Therefore, absent any tolling of the limitations period, an indictment

---

[1] "A1" is a pseudonym chosen by the complainant. *See* Tex. Code Crim. Proc. Ann. art. 57.02 (West Supp. 2009).

for the offenses alleged in counts one and two had to be presented no later than July 25, 2006, A1's twenty-eighth birthday. The indictment was filed on October 3, 2007.**²**

At the hearing on appellant's motion, the State urged that the running of the limitations period had been tolled by the pendency of the indictment in a prior cause, number CR904. *See* Tex. Code Crim. Proc. Ann. art. 12.05(b) (West 2005) (time during pendency of indictment not computed in period of limitations); *Vasquez v. State*, 557 S.W.2d 779, 784 (Tex. Crim. App. 1977) (interpreting statute). Count one of the indictment in CR904 alleged that appellant penetrated A1's mouth with appellant's sexual organ on or about July 25, 1994. Count two of that indictment alleged that appellant engaged in organized criminal activity by causing A1's sexual organ to contact appellant's mouth with the intent to establish, maintain, or participate in a combination or in the profits of a combination. *See* Tex. Penal Code Ann. § 71.02(a)(1) (West Supp. 2009). The indictment in CR904 was filed on July 24, 2006, one day before the limitations period expired.**³** That indictment was pending at the time of appellant's trial in this cause, and it was not dismissed until after appellant was convicted.

Under article 12.05(b), a prior indictment tolls the statute of limitations for a subsequent indictment when both indictments allege the same conduct, act, or transaction, even if the two indictments do not allege the same statutory offense. *Hernandez v. State*, 127 S.W.3d 768,

---

**²** Effective September 1, 2007, article 12.01 was amended to provide that there is no limitations period for sexual assault of a child. Tex. Code Crim. Proc. Ann. art. 12.01(1)(B) (West Supp. 2009). This change did not apply to an offense barred by limitations before the effective date of the amendment. Act of May 18, 2007, 80th Leg., R.S., ch. 593, § 4.01(c), 2007 Tex. Gen. Laws 1120, 1148.

**³** The limitations period for organized criminal activity is the same as that of the most serious offense that is the object of that activity. Tex. Code Crim. Proc. Ann. art. 12.03(b) (West 2005).

774 (Tex. Crim. App. 2004). The two counts of the indictment in cause number CR904 and counts one and two of the present indictment allege the same conduct, acts, or transactions. Therefore, the pendency of the indictment in CR904 tolled the running of the limitations period for the offenses alleged in counts one and two of the present indictment. To that extent, the State's opposition to appellant's motion to dismiss was well-taken.

The present indictment did not, however, allege the pendency of the indictment in cause number CR904. Code of criminal procedure article 21.02 requires that an indictment indicate on its face that a prosecution thereunder is not barred by the statute of limitations. Tex. Code Crim. Proc. Ann. art. 21.02(6) (West 2009); *Tita v. State*, 267 S.W.3d 33, 37 (Tex. Crim. App. 2008). If the State wishes to rely on the tolling provision of article 12.05(b), it must plead that tolling fact in the indictment. *Tita*, 267 S.W.3d at 37-38. Because the State failed to do so, the trial court erred by overruling appellant's motion to dismiss counts one and two. *Id*. at 38.

The trial court's error is subject to harmless error review under rule 44.2(b). *See id*. at 39. Under this standard, the error must be disregarded if it did not affect a substantial right. Tex. R. App. P. 44.2(b)

Appellant does not assert any prejudice arising from the trial court's failure to grant the motion to dismiss, nor do we find any. As we have discussed, the pendency of the indictment in cause number CR904 tolled the running of the limitations period, and appellant was not convicted of a limitations-barred offense. The absence of a tolling paragraph in the indictment did not deprive appellant of notice of the conduct or offense for which he was being prosecuted or impair his ability to prepare an adequate defense. Had the motion to dismiss been granted, the State could have amended the indictment to add the required tolling fact, and the prosecution could have continued

4

under the amended indictment. *See Tita*, 267 S.W.3d at 38 n.6 (citing Tex. Code Crim. Proc. Ann. art. 28.09 (West 2006)). Having concluded that the error was harmless, we overrule issue two.

## AMENDMENT

Appellant contends that the trial court erred by permitting the State to amend counts three and four of the indictment, and that the court further erred by refusing his request for a ten-day continuance after permitting the amendment. As originally filed, count three alleged that on or about July 25, 1994, appellant "intentionally or knowingly cause[d] the penetration of the mouth of [JW], a child who was . . . younger than 17 years of age and not the spouse of the defendant, by defendant's sexual organ." Count four alleged that on or about July 25, 1994, appellant "intentionally or knowingly cause[d] the mouth of [JW] a child who was . . . younger than 17 years of age and not the spouse of the defendant, to contact the sexual organ of the defendant."

On October 22, 2007, before jury selection began and over appellant's objection, the trial court granted the State's motion to amend counts three and four to change the alleged date of the offenses to December 24, 1998. The court interlineated the changed dates on the face of the indictment on file, but that altered indictment does not appear in the record. Appellant requested a ten-day continuance but the court did not rule. The following day, before the indictment was read and appellant entered his pleas before the jury, the State announced that it was withdrawing its motion to amend and asked to go forward on the original indictment. Over appellant's objection, the trial court granted the State's request and placed in the record a copy of the original, unmodified indictment as a substitute for the indictment altered the previous day. The court explained, "[S]ince the trial had not commenced, the jury has not seen the indictment, the court basically views this

5

changing this back to the way Counts Three and Four were at the beginning of the day yesterday . . . the Court doesn't view this as an amendment, but just a reconsideration of its earlier ruling and the Court withdraws its earlier ruling and returns the indictment to the state that we began on yesterday . . . ." Appellant's motion for a ten-day continuance was denied.

Appellant argues that the trial court's October 23 ruling was not merely a reconsideration of its previous day's ruling, but another amendment of the indictment. The statute governing amendments to charging instruments does not permit amendments on the day of, but prior to, commencement of trial on the merits. *See* Tex. Code Crim. Proc. Ann. art. 28.10(c) (West 2006); *Sodipo v. State*, 815 S.W.2d 551, 556 (Tex. Crim. App. 1991) (op. on reh'g). Whether the trial court's rulings are considered as a grant of the State's motion to amend followed by a withdrawal of that ruling, or as two separate but offsetting amendments to the indictment, no harm to appellant is shown.[4]

An indictment may not be amended over the defendant's objection if the effect of the amendment is to charge the defendant with an additional or different offense, or if the substantial rights of the defendant are prejudiced by the amendment. Tex. Code Crim. Proc. Ann. art. 28.10(c); *see also* Tex. R. App. P. 44.2(b) (error that does not affect substantial rights must be disregarded); *Wright v. State*, 28 S.W.3d 526, 531-32 (Tex. Crim. App. 2000) (applying harmless error rule to article 28.10 violation). Appellant contends that his substantial rights were violated because "the indictment date was outside the statute of limitations in at least two counts" and "[p]art of

---

[4] In *Sodipo*, the court states that violations of article 28.10 are not subject to harmless error analysis, but that is no longer the law. *See Wright v. State*, 28 S.W.3d 526, 531-32 (Tex. Crim. App. 2000); *see also* 41 George E. Dix & Robert O. Dawson, *Texas Practice: Criminal Practice and Procedure* § 21.74 (2d ed. 2004).

Appellant's defense had been prepared for this issue." This argument fails for two reasons. First, there was no limitations issue with respect to counts three and four and, in any event, changing the date of the offenses alleged in those counts would have had no effect on the applicable limitations period.[5] Second, the end result of the trial court's challenged October 22 and 23 rulings was to leave the original indictment unchanged. Appellant received on October 23 what he had insisted he wanted on October 22: trial on the original indictment. Any defense appellant might have prepared based on the original wording of the indictment remained viable. *See Wright*, 28 S.W.3d at 532. For the same reason, appellant's substantial rights were not prejudiced by the denial of the ten-day continuance. Issue one is overruled.

## SUFFICIENCY OF EVIDENCE

Appellant contends that the evidence is legally and factually insufficient to sustain his convictions. His entire argument in support of this contention is as follows: "In the case at bar, there was no evidence or factually insufficient evidence to sustain a finding of guilt, because the charging instrument was beyond the statute of limitations as to one of the complaining witnesses."

Appellant did not request a jury instruction on the statute of limitations defense, and the State was therefore not obligated to prove that these prosecutions were not barred. *Tita*, 267 S.W.3d at 39. Further, the record shows that the prosecutions under counts one and two were not barred because the running of the limitations period was tolled by a prior indictment, and the

---

[5] As we have discussed with regard to counts one and two, the limitations period in effect on July 25, 1994, was ten years. This period was extended in 1997 to ten years after the victim's eighteenth birthday. JW was born on December 25, 1981. He was twenty-five years old when the indictment was filed on October 3, 2007, well within the limitations period. Changing the date of the alleged offenses to December 24, 1998, would not have changed the limitations deadline.

prosecutions under counts three and four were not barred because the statutory limitations period had not expired when the indictment was filed.

When there is a challenge to the sufficiency of the evidence to sustain a criminal conviction, the question presented is whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979) (legal sufficiency); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (legal sufficiency); *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000) (factual sufficiency). In a legal sufficiency review, all the evidence is reviewed in the light most favorable to the verdict; it is assumed that the trier of fact resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the verdict. *Clayton*, 234 S.W.3d at 778. In a factual sufficiency review, all the evidence is considered equally, including the testimony of defense witnesses and the existence of alternative hypotheses. *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); *Orona v. State*, 836 S.W.2d 319, 321 (Tex. App.—Austin 1992, no pet.). Although due deference still must be accorded the fact finder's determinations, particularly those concerning the weight and credibility of the evidence, the reviewing court may disagree with the result in order to prevent a manifest injustice. *Johnson*, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000); *Cain v. State*, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). The evidence will be deemed factually insufficient if the evidence supporting the verdict is so weak as to make the finding of guilt clearly wrong or manifestly unjust, or if the verdict is against the great weight and preponderance of the available evidence. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006); *Johnson*, 23 S.W.3d at 11.

The events in question occurred at a monastery in Blanco County where appellant was a monk. A1 testified that he entered the monastery as a novitiate when he was fifteen years old. Within two or three months of entering the monastery, A1 had his first sexual encounter with appellant. A1 testified that appellant placed his penis in A1's mouth, or A1 placed his penis in appellant's mouth, "on average twice a month." JW's testimony was similar. He, too, entered the monastery as a novitiate when he was fifteen years old. Within months, he was also regularly engaging in oral sex acts with appellant. The State's only other witness was a sheriff's investigator. The defense called no witnesses.

Viewing the evidence in the light most favorable to the jury's verdicts, we hold that a rational trier of fact could have found that all the elements of the offenses were proved beyond a reasonable doubt. Viewed in a neutral light, the evidence supporting the verdicts is not so weak as to make the findings of guilt clearly wrong or manifestly unjust, nor are the verdicts against the great weight and preponderance of the available evidence. Issue three is overruled.

The judgments of conviction are affirmed.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed: October 30, 2009

Do Not Publish

9